UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DAVID E. KOELLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00121-CDP |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff David E. Koeller for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted an inmate account statement. In his motion to proceed in forma pauperis, he asserts that his facility has refused to provide it. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit documentation in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

2

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is currently incarcerated in the Algoa Correctional Center in Jefferson City, Missouri. At the time relevant to this complaint, however, he was a pretrial detainee at the Cape Girardeau County Jail in Jackson, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. (Docket No. 1 at 1). He names the State of Missouri and Sheriff Ruth Anne Dickerson as defendants. (Docket No. 1 at 2). He does not indicate the capacity in which Sheriff Dickerson is sued.

Plaintiff states that Sheriff Dickerson violated his rights by denying him access to an adequate law library. (Docket No. 1 at 2-3). Specifically, he states that "there is not a current, comprehensive law library on the premises of the jail." (Docket No. 1 at 3). Instead, the law library is comprised of "parts and pieces" of a 1994 set, which prevents inmates from "knowledgably

[participating] in their own defense." Plaintiff alleges that this "violation has been ongoing throughout [his] entire incarceration" in the Cape Girardeau County Jail. He states that he is suffering an ongoing injury, as the current law library "violates [his] rights to have access to a full legal law library, and also violates [his] right to [due] process by preventing [him] from participating with knowledge in [his] own trial defense." (Docket No. 1 at 3-4). Plaintiff alleges that Sheriff Dickerson has personally failed to correct the lack of resources, and has ignored requests for assistance in acquiring legal support. (Docket No. 1 at 4).

Plaintiff also claims that the State of Missouri has failed to provide him with "adequate legal counsel" in his criminal case, *State of Missouri v. Koeller*, No. 19CG-CR00318-01 (32nd Cir., Cape Girardeau County). He states that his public defender has "failed to communicate with [him] during this process" in that she has not returned his phone calls or responded to his correspondence. (Docket No. 1 at 4-5). Plaintiff states that he has been advised by his attorney that she has an "overbearing caseload." (Docket No. 1 at 5). He accuses the State of Missouri of violating his rights "by failing to employ enough public defenders" to devote adequate time to each individual case.

Plaintiff seeks a continuance of his trial date and an injunction against the State of Missouri to prevent any further action in his criminal case until these matters have been investigated. (Docket No. 1 at 7). Further, he asks the Court "to compel Sheriff Dickerson to provide a full and current…law library."

**Discussion**

Plaintiff is a pro se litigant who brings this action pursuant to 42 U.S.C. § 1983. He is suing the State of Missouri and Sheriff Ruth Anne Dickerson. He alleges that the State of Missouri has

failed to provide him with adequate legal representation, and that Sheriff Dickerson has not provided an adequate law library in the Cape Girardeau County Jail.

### A. Defendant State of Missouri

Plaintiff's claim against the State of Missouri must be dismissed because his claim is barred by the doctrine of sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987).

Neither exception is present in this case. Congress has not statutorily abrogated sovereign immunity, as the Supreme Court has determined that 42 U.S.C. § 1983 does not revoke states' Eleventh Amendment immunity from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). Furthermore, Missouri has not waived its sovereign immunity in the type of case currently before the Court. *See* Mo. Rev. Stat. § 537.600.

Plaintiff appears to be seeking only injunctive relief. Nevertheless, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). State officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment. *Id. See also Pediatric Specialty Care, Inc. v. Arkansas Dep't of Human Servs.*, 443 F.3d 1005, 1016-17 (8th Cir. 2006) (stating that the "Eleventh Amendment protects states and state agencies from suit by private citizens," but that "state officials may still be sued for prospective injunctive relief without violating the Eleventh Amendment"). However, plaintiff has sued only the state itself, not a state official acting in an official capacity. Therefore, sovereign immunity protects the State of Missouri from suit in federal court, and plaintiff's claim against the state must be dismissed. *See Monroe*, 495 F.3d at 594 (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

**B. Defendant Ruth Anne Dickerson**

Plaintiff alleges that Sheriff Dickerson denied him access to an adequate law library while he was incarcerated at the Cape Girardeau County Jail. He has failed to indicate, however, the capacity in which Sheriff Dickerson is sued.

A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id*. *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims"). As plaintiff has failed to expressly and unambiguously state that he is suing Sheriff Dickerson in an individual capacity, the Court construes his claim against her as entailing an official capacity claim only.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a

7

suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). Sheriff Dickerson is alleged to be the sheriff of Cape Girardeau County. A suit against Sheriff Dickerson in her official capacity is thus a suit against Cape Girardeau County itself.

A local governing body such as Cape Girardeau County can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the county's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, plaintiff has three ways in which to prove the liability of Cape Girardeau County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is

asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an

unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff has not alleged any facts against Cape Girardeau County to support a municipal liability claim. Specifically, he has not presented anything with regard to a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the county's governing body, to show an unconstitutional policy. He has also not demonstrated a widespread, persistent pattern of unconstitutional misconduct, to show an unconstitutional custom. Finally, he has not provided any facts to indicate that his alleged constitutional violation was the result of a failure to train or supervise. As such, he has failed to state an official capacity claim, and his claim against Sheriff Dickerson must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Even if plaintiff had sued Sheriff Dickerson in her individual capacity, his access to courts claim would still be subject to dismissal. The United States Supreme Court has stated that it is "established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right requires that prisons provide "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Typically, access to courts claims result from deficiencies in a prison's legal assistance program or law library that hinders an inmate's ability to bring a claim. *Williams v. Hobbs*, 658 F.3d 842, 852 (8th Cir. 2011). However, "the due process clause is not meant to enable the prisoner to discover grievances, and to litigate effectively once in court." *Id*. "To prove a violation of the

right of meaningful access to the courts, a prisoner must establish [that] the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). In order to prove actual injury, the plaintiff must demonstrate that a nonfrivolous legal claim has been frustrated or is being impeded. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). For example, an inmate must show that a complaint that he prepared was dismissed due to a technical requirement that a law library's inadequacies prevented him from knowing, or that a library was so inadequate that it prevented him from filing a complaint for actionable harm at all. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996).

Here, plaintiff's allegations about the inadequacy of the Cape Girardeau County Jail law library are vague and conclusory. He states broadly that the jail does not have a "comprehensive law library" and that because of this, his due process rights have been denied, and that he is not able to knowledgably participate in his own defense. This is insufficient to state a claim of denial of access to the courts. That is, he has failed to point to a particular legal claim that has been frustrated or impeded, or that the library is so inadequate that he has bene prevented from filing something. Therefore, even if Sheriff Dickerson is presumed to have been sued in her individual capacity, plaintiff's claim against her would be subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance

11

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 27th day of November, 2019.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE